**No. 39597.**—Protests 325178–G, etc., of Saks & Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of atomizers, wine cooler, barrels, lemon set, fruit set, liqueur set, boxes, bottles, perfume droppers, place card holders, calendars, plates, atomizers and droppers, plungers, perfume burners, and flacons chiefly used on the table, in the kitchen or in the household for utilitarian purposes, or hollow ware. The claim at 40 percent under paragraph 339 was sustained on the authority of *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), and *Rice* v. *United States* (T. D. 49373).

**No. 39598.**—Protest 951503–G of B. Altman & Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the articles in question are identical with those involved in Abstract 35402. The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 39599.**—Protest 952087–G of L. Bamberger & Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the amplifiers in question are the same as those passed upon in G. A. 9123, T. D. 41506. The claim at 30 percent under paragraph 372 was therefore sustained.

**No. 39600.**—Protest 948201–G of B. Altman & Co. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *United States* v. *Oppleman* (25 C. C. P. A. 168, T. D. 49271) the aneroid barometers in question were held dutiable as machines not specially provided for at 27½ percent under paragraph 372 as claimed.

**No. 39601.**—Protest 876096–G of R. W. Cramer & Co. (New York).

Opinion by DALLINGER, J. On the authority of *Cramer* v. *United States* (T. D. 49204) the vibration counters in question were held dutiable at 27½ percent under paragraph 372 as claimed.